## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Raphael Mendez,

          Plaintiff,

v.

Warden L. LaRiva, Supervisory Attorney
K. Lundy, Unknown Inmate Legal Mail
Room Servers,

          Defendants.

Civ. No. 16-4002 (ADM/BRT)

**REPORT AND RECOMMENDATION**

---

Raphael Mendez, FMC Rochester, PMB 4000, Rochester, MN, *pro se* Plaintiff.

Erin M. Secord, Esq., United States Attorney's Office, counsel for Defendants.

---

BECKY R. THORSON, United States Magistrate Judge.

    *Pro se* Plaintiff Raphael Mendez alleges that prison officials at the Federal Medical Center in Rochester, Minnesota ("FMC Rochester") violated his right to access the courts by failing to deliver mail from the United States District Court for the Virgin Islands. (Doc. No. 10, Am. Compl. 3–4.) Plaintiff sues LeAnn LaRiva, formerly the Warden at FMC Rochester, now retired, and Supervisory Attorney Kara Lundy, a current FMC Rochester employee. (*Id.*)[1] Defendants move to dismiss for failure to state a claim or for summary judgment. (Doc. No. 24.) For the reasons stated below, this Court

---

[1]    FMC psychiatryist Dr. Stanton was named in the original Complaint, but was not named in the Amended Complaint.

recommends that the motion be addressed as a motion for summary judgment and be granted.[2]

## I. Background

Plaintiff is currently incarcerated at FMC Rochester. *See Mendez v. Dole*, Civ. No. 16-cv-2644 (ADM/BRT), 2017 WL 3730995, at *1 (D. Minn. Aug. 29, 2017). He was originally indicted in the U.S. Virgin Islands in 1990 for assault, possession of an unlicensed firearm during the commission of a violent crime, and possession of a firearm by a felon. *See Mendez v. Bureau of Prisons*, No. 08-CV-4971 (JMR/RLE), 2009 WL 3856925, at *1 (D. Minn. Nov. 17, 2009). After the Court found Plaintiff incompetent to stand trial, he was sent to the Federal Medical Center in Butner, North Carolina, for a period of restoration. *Id.* Plaintiff was not restored to competency, so in 1991, he was civilly committed under 18 U.S.C. § 4246 in the Eastern District of North Carolina. *Id.* Plaintiff is a frequent litigator in federal court. *See, e.g.*, *Mendez v. Haugen*, No. 14-cv-4792 (ADM/BRT), 2015 WL 5718967, at *6 (D. Minn. Sept. 29, 2015) (listing previous cases).

### A. Plaintiff's Virgin Islands Lawsuit

Plaintiff alleges that in November 2016, he was notified via telephone by the Virgin Islands District Court that a court filing mailed to him in June 2016 was returned

---

[2] Since Defendants introduced facts outside of the pleadings, the simpler course of action is to treat the motion as a summary-judgment motion. Plaintiff does not argue that he is unable to "present facts essential to justify [his] opposition" to the summary-judgment motion. Fed. R. Civ. P. 56(d).

undelivered. (Am. Compl. 3.) Plaintiff claims that as a result, his lawsuit was dismissed without prejudice. (*Id.*) Plaintiff notified Defendants LaRiva and Lundy of the returned mail and requested they retrieve his legal documents or make "any necessary correction" with the Virgin Islands District Court. (*Id.* at 4.) Plaintiff asserts that Defendant LaRiva had an obligation to notify him of the mail when it was returned, citing 28 C.F.R. § 540.13. (*Id.*) He requests monetary damages and an immediate transfer back to his "court of commitment." (*Id.*)

Plaintiff's Virgin Islands lawsuit, a petition for mandamus, was filed on March 7, 2016. (Doc. No. 27, Declaration of Erin M. Secord ("Secord Decl.") ¶ 4, Ex. B.) He asked the court to compel the production of information and/or documents regarding the circumstances underlying his civil commitment. (*Id.*) None of the Defendants in this action are parties to the Virgin Islands lawsuit. (*See id.*)

On June 1, 2016, the Virgin Islands court denied Plaintiff's motion to proceed IFP without prejudice because he failed to provide the required documentation. (*Id.* ¶ 7, Ex. E.) The court sent Plaintiff a hard copy notice of the denial via certified mail on the same date. (*Id.* ¶ 8, Ex. F.) This mail was returned as undeliverable on June 15, 2016. (*Id.* ¶ 9, Ex. G.)

On June 2, 2016, Plaintiff filed a mandamus petition directly with the Third Circuit Court of Appeals. (*Id.* ¶ 18, Ex. P.) The Third Circuit denied this petition in a *per curiam* order dated June 29, 2016. (*Id.* ¶ 10, Ex. H.) The court noted that the District Court docket "reflects that the District Court recently attempted to correspond with Mendez, although the mail, sent to him at the most recent address he provided (P.O. Box

3

4000, Rochester, MN, 55903) was refused at its destination and returned to sender. The District Court may wish to resend the mail to a complete address which includes FMC-Rochester and Mendez's Bureau of Prison's register number, or Mendez may need to verify or update his address." (*Id.* ¶ 10, Ex. H at 3 n.1.)

In November 2016, Plaintiff notified the Virgin Islands District Court that he had not received the June 1, 2016 order. (*Id.* ¶ 11, Ex. I.) He filed a new application for leave to proceed IFP and a motion to allow him to proceed with his underlying claim. (*Id.* ¶ 15, Ex. M.) The Virgin Islands court has not ruled on these motions, and the case was suspended due to Hurricanes Irma and Maria. (*Id.* ¶ 17, Ex. O.)

### B. Mail Processing Procedures

Program Statement 5265.14, Correspondence, establishes procedures for inmates to send and receive correspondence. (Doc. No. 28, Declaration of Leann LaRiva ("LaRiva Decl.") ¶ 6, Ex. A.) As authorized by the national policy, the Warden at each institution establishes correspondence procedures for inmates at their institution. (*Id.* at 1.) FMC Rochester has established their procedures in Institution Supplement RCH5265.14a, Correspondence. (LaRiva Decl. ¶ 7, Ex. B.) Program Statement 5800.16, Mail Management Manual, establishes procedures for staff to process official inmate mail. (Doc. No. 30, Declaration of Jeremy Nerstad ("Nerstad Decl.") ¶ 11, Ex. A.)

Regarding incoming inmate mail, Institution Supplement RCH5265.14a, Correspondence, provides "all incoming inmate correspondence should contain the inmate's name and registration number and should be mailed to Federal Medical Center, P.O. Box 4000, Rochester, Minnesota 55903. (LaRiva Decl. ¶ 7, Ex. B at 2.) This

4

information is also available to the public through the Federal Bureau of Prisons website, ww.bop.gov. (Nerstad Decl. ¶ 6.) This requirement ensures that FMC Rochester can provide accurate and efficient mail processing. (*Id.* ¶ 7.)

Program Statement 5800.16, <u>Mail Management Manual</u>, establishes procedures for staff to process official inmate mail with the goal to process mail as expeditiously and economically as possible. (*Id.* ¶ 11, Ex. A.) In accordance with this policy, all institution mail is processed through the Rochester post office in Rochester, Minnesota. (*Id.* ¶ 12.) FMC Rochester mail room staff pick up the mail and deliver it to the institution on a daily basis, except weekends and holidays. (*Id.*)

With regard to certified mail, FMC Rochester mail room staff maintain an Incoming Certified Mail Log documenting all incoming inmate certified mail. Each log includes the following information:

> Date/Time received by mail room; Certified Mail Number; Inmate Name and Register Number; Inmate location (e.g., housing unit); Sender's name and return address; Date delivered to unit staff or inmate; Inmate signature or Unit staff signature.

(Nerstad Decl. ¶ 11, Ex. A at 34.) When returning certified mail to the sender, mail room staff make an appropriate notation on the original envelope to inform the sender why the mail was not delivered. (*Id.* at 35.) This is typically done with a "Return to Sender" stamp. (*Id.*) The certified mail is then placed in an institution envelope and re-certified. (*Id.*) An entry is made in the mail room's incoming inmate certified mail log book indicating the inmate's name, the new certified number, and the address to which the mail was forwarded. (*Id.*)

There is no record of FMC Rochester processing a letter with certified mail number 7008 1830 0002 2382 5047, which pertains to the June 1 order from the Virgin Islands District Court. (Nerstad Decl. ¶ 15.) According to the United States Postal Service's tracking records, the certified mailing was scanned delivered at the post office in Rochester, Minnesota, on June 6, 2016, but was returned to the sender the following day. (Nerstad Decl. ¶ 16, Ex. B.) There is no record of FMC Rochester staff signing for a mailing containing the June 1, 2016 order. (*Id.*)

The certified mailing described above was then received by the Virgin Islands District Court on June 13, 2016. (Nerstad Decl. ¶ 17.) An image of the mail after it was returned to the court demonstrates the envelope is marked "Return to Sender: Refused: Unable to Forward," along with other notations. (*Id.*) This sticker is generated by the USPS and is not used by FMC Rochester mail room staff. (*Id.*) The address of the returned mailing does not contain the name of the institution or Plaintiff's return federal register number. (*Id.* ¶ 18.)

## II.   Discussion

Defendants argue that Plaintiff's claims should be dismissed because they were pleaded as official capacity claims, not individual capacity claims. (Doc. No. 26, Defs.' Mem. in Supp. of Mot. to Dismiss or for Summ. J. ("Defs.' Mem.") 10–15.) As a result, Defendants argue, the Court lacks subject-matter jurisdiction because official capacity claims against federal employees are construed as claims against the United States, which is immune from suit. (*Id.*) Alternatively, Defendants assert that Plaintiff does not have a constitutional right to access the courts for purposes of his mandamus action; that

6

Plaintiff cannot establish an actual injury for purposes of his access to courts claim; and that Defendants were not personally involved in the mailroom issues giving rise to Plaintiff's claim. (*Id.* at 17–27.)

### A. Standard of Review

Summary judgment is appropriate if the evidence, when viewed in the light most favorable to the nonmoving party, shows no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *Thomas v. Heartland Emp't Servs., LLC*, 797 F.3d 527, 529 (8th Cir. 2015). The movant bears the initial burden of informing the court of the basis for its motion and identifying "those portions of the record which it believes demonstrate the absence of a genuine issue of material fact." *Jackson v. United Parcel Serv., Inc.*, 643 F.3d 1081, 1085 (8th Cir. 2011). If it does so, the nonmoving party may not rest on mere allegations or denials, but instead "must present affirmative evidence" of "specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986); *see also* Fed. R. Civ. P. 56(c)(1) ("A party asserting that a fact cannot be or is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, . . . admissions, interrogatory answers, or other materials . . . ."). Where the evidence "could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial" and summary judgment is warranted. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quotation omitted).

### B. Plaintiff's Claims are Barred by Sovereign Immunity

"Federal courts generally lack jurisdiction to hear claims against the United States because of sovereign immunity." *Barnes v. United States*, 448 F.3d 1065, 1066 (8th Cir. 2006). Claims that are brought against a federal official acting in his or her individual capacity, generally known as *Bivens* claims, are not barred by sovereign immunity. *Buford v. Runyon*, 160 F.3d 1199, 1203 n.6 (8th Cir. 1998) ("A *Bivens* claim is a cause of action brought directly under the United States Constitution against a federal official acting in his or her individual capacity for violations of constitutionally protected rights.") (citing *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971)). However, when claims are brought against a federal employee in his or her official capacity, the real party in interest is the United States, and sovereign immunity attaches. *Id.* at 1203.

If, as here, the complaint "is silent about the capacity in which [the plaintiff] is suing the defendant, [courts] interpret the complaint as including only official-capacity claims." *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995). Since Plaintiff's Complaint does not specify whether he is suing the Defendants in their official capacities or their individual capacities, his claims must be construed as raising only official capacity claims. *See Andrus ex rel. Andrus v. Arkansas*, 197 F.3d 953, 955 (8th Cir. 1999) ("In actions against officers, specific pleading of individual capacity is required to put public officials on notice that they will be exposed to personal liability.").

Plaintiff's claims are therefore barred by sovereign immunity. Even if they are not barred, Plaintiff's claims should also be dismissed for the following reasons.

### C. Access to Court

The Constitution guarantees prisoners a right to access the courts. *White v. Kautzky*, 494 F.3d 677, 679 (8th Cir. 2007) (citing *Murray v. Giarratano*, 492 U.S. 1 (1989)). This right of access is "a consequence of the right to due process of law" and also "an aspect of equal protection." *Murray*, 492 U.S. at 11 n.6. For prisoners, meaningful access to the courts "requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds v. Smith*, 430 U.S. 817, 828 (1977), *overruled on other grounds by Lewis v. Casey*, 518 U.S. 343, 354 (1996). The right of access, however, "does not guarantee inmates the wherewithal to transform themselves into litigation engines . . . . The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement." *Casey*, 518 U.S. at 355. Ultimately, to prove a violation of this right, "a prisoner must establish that the state has not provided an opportunity to litigate a claim challenging the prisoner's sentence or conditions of confinement in a court of law, which resulted in actual injury, that is, the hindrance of a nonfrivolous and arguably meritorious underlying legal claim." *White*, 494 F.3d at 680 (citing *Christopher v. Harbury*, 536 U.S. 403, 415 (2002)).

Plaintiff complains that he did not receive the order indicating that his request to proceed IFP in the Virgin Islands lawsuit was denied without prejudice in June of 2016. Contrary to his allegations, however, this did not result in Plaintiff's case being dismissed. (*See Mendez v. Plaskett*, Civil Case No. 16-26 (D.V.I.).) The progress of the

case was stalled, but Plaintiff was able to re-submit his IFP application, and the case is now suspended due to Hurricanes Irma and Maria. Accordingly, Plaintiff's pursuit of his Virgin Islands lawsuit has not been hindered by FMC Rochester, and there is no actual injury. In addition, Plaintiff's right of access does not apply to his mandamus action. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 391 (6th Cir. 1999) ("[A] prisoner's right to access the courts extends to direct appeals, habeas corpus applications, and civil rights claims only.")). Plaintiff's mandamus action seeks assistance with his efforts to attack his civil commitment,[3] but it is not a direct or collateral attack on that commitment, and the government has no obligation to "enable prisoners to discover grievances or to litigate effectively once in court." *White*, 494 F.3d at 680; *see also Casey*, 518 U.S. at 354 (explaining that the impairment of "any *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration") (emphasis in original). Plaintiff's right to access claim should therefore be dismissed.

### D.  Personal Involvement

In a *Bivens* action, "there is no respondeat superior liability," and defendants "are liable for their personal acts only." *Bonner v. Outlaw*, 552 F.3d 673, 678–79 (8th Cir. 2009). Defendant LaRiva was responsible for the general supervision of FMC Rochester when she served as Warden, but she was not personally involved in the day-to-day operations pertaining to the processing of inmate mail. (LaRiva Decl. ¶ 3.) Instead,

---

[3]  In the mandamus action, Plaintiff alleges that he needs the respondents to "RETRIEVE and PROVIDE me with information that will help me Prove my case is a FALSE IMPRISONMENT beyond a reasonable doubt . . ." (Secord Decl. ¶ 4, Ex. B at 1.)

Defendant LaRiva delegated her authority to reject and provide notification for incoming correspondence to the appropriate FMC Rochester Staff. (*Id.* ¶¶ 10, 13.) Defendant Lundy is a BOP attorney providing legal advice and services to six BOP facilities, including FMC Rochester. (Doc. No. 29, Declaration of Kara Lundy ("Lundy Decl.") ¶ 2.) She also is not involved in mail processing and was not involved in the return of Plaintiff's mail. (*Id.* ¶ 5.) Therefore, the claims against the named defendants should be dismissed because they were not personally involved in the alleged unlawful actions.

### E. Unknown Mail Room Servers

Plaintiff also named an unspecified number of Unknown Inmate Legal Mail Room Servers as Defendants. (*See* Am. Compl.) The Summons for these Defendants was returned unexecuted because the individuals could not be identified. (Doc. No. 21.) The Complaint does not provide any facts sufficient to identify these Defendants or to state a claim against them. Therefore, the claims against them should be dismissed. *See Fleming v. U.S. Bank Nat. Ass'n*, Civil No. 14-3446 (DSD/JSM), 2015 WL 505758, at *1 n.1 (D. Minn. Feb. 6, 2015) (citing *Estate of Rosenberg v. Crandall*, 56 F.3d 35, 37 (8th Cir. 1995)).

### III. Recommendation

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Defendants' Motion for Summary Judgment (Doc. No. 24) be **GRANTED**; and

2. Plaintiff's claims be **DISMISSED WITH PREJUDICE**.

Date: January 23, 2018.

*s/ Becky R. Thorson*_____
BECKY R. THORSON
United States Magistrate Judge

### NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).