**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Raphael Mendez,

      Plaintiff,

v.

Warden L. LaRiva, Supervisory Attorney
K. Lundy, and Unknown Inmate Legal Mail
Room Servers,

      Defendants.

**MEMORANDUM OPINION
AND ORDER**
Civil No. 16-4002 ADM/BRT

---

Raphael Mendez, pro se.

Erin M. Secord, Assistant United States Attorney, United States Attorney's Office, Minneapolis, MN, on behalf of Defendants.

---

## I.  INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Plaintiff Raphael Mendez's ("Mendez") Objection [Docket No. 40] to Magistrate Judge Becky R. Thorson's Report and Recommendation [Docket No. 39] ("R&R").  In the R&R, Judge Thorson recommends granting Defendants Warden L. LaRiva ("Warden LaRiva"), Supervisory Attorney K. Lundy ("Lundy"), and Unknown Inmate Legal Mail Room Servers' (collectively, "Defendants") Motion to Dismiss or for Summary Judgment [Docket No. 24].  For the reasons set forth below, Mendez's Objection is overruled, the R&R is adopted, and Defendants' Motion to Dismiss or for Summary Judgment is granted.

## II.  BACKGROUND

Mendez is currently incarcerated at the Federal Medical Center in Rochester, Minnesota ("FMC Rochester").  See Mendez v. Dole, Civ. No. 16-2644, 2017 WL 3730995, at *1 (D.

Minn. Aug. 29, 2017). Mendez was indicted in the U.S. Virgin Islands in 1990 for assault, possession of an unlicensed firearm during the commission of a violent crime, and possession of a firearm by a felon. See Mendez v. Bureau of Prisons, No. 08-4971, 2009 WL 3856925, at *1 (D. Minn. Nov. 17, 2009). After he was determined to be incompetent to stand trial, Mendez was transferred to the Federal Medical Center in Butner, North Carolina for a period of restoration. Id. Pursuant to the procedures in 18 U.S.C. § 4246, Mendez was not restored to competency, and in 1991 he was civilly committed in the Eastern District of North Carolina. Id.

## A. Virgin Islands Lawsuit

On March 7, 2016, Mendez filed a petition for mandamus with the Virgin Islands District Court. Secord Decl. [Docket No. 27] ¶ 4; Ex. B. The lawsuit seeks information and documents regarding the circumstances underlying his civil commitment. Id.

On June 1, 2016, the Virgin Islands District Court denied Mendez's motion to proceed in forma pauperis ("IFP") until he filed a certified copy of certain financial information. Secord Decl. Ex. E. The Virgin Islands Court sent Mendez a hard copy of this order via certified mail. Id. Ex. F.

On June 2, 2016, Mendez filed a mandamus petition directly with the Third Circuit Court of Appeals. Id. Ex. P. On June 29, 2016, the Third Circuit denied the petition, noting that the

> District Court recently attempted to correspond with Mendez, although the mail, sent to him at the most recent address he provided (P.O. Box 4000, Rochester, MN, 55903) was refused at its desitination and returned to sender. The District Court may wish to resend the mail to a complete address which includes FMC-Rochester and Mendez's Bureau of Prison's register number, or Mendez may need to verify or update his address.

Id. Ex. H at 3 n.1.

Mendez alleges that in November 2016, he was notified by a telephone call from the Virgin Islands District Court that the June 1, 2016 order denying his IFP application was returned undelivered.  Am. Compl. [Docket No. 10] 3.  Mendez claims that as a result, his lawsuit was dismissed without prejudice.  Id.  On November 3, 2016, Mendez notified the Virgin Islands District Court that he did not receive the June 1, 2016 order.  Secord Decl. Ex. I.  Mendez filed a new IFP application and requested to proceed with his underlying claim.  Id.  The Virgin Islands Court has not ruled on this matter, and the case was suspended due to Hurricanes Irma and Maria.  Id. Ex. O.

**B.  This Lawsuit**

Mendez alleges that he notified Warden LaRiva and Lundy about the returned mail and asked that they retrieve his legal documents or make "any necessary correction" with the Virgin Islands District Court.  Id. at 4.  Mendez claims that under 28 C.F.R. § 540.13, Warden LaRiva has an obligation to notify an inmate of any rejected mail.  Id.  Mendez requests monetary damages and an immediate transfer back to his "court of commitment."  Id.

**C.  Mail Processing Procedures**

The procedures for inmates to send and receive mail is set forth in the Bureau of Prisons' Program Statement 5265.14, Correspondence.  LaRiva Decl. [Docket No. 28] ¶ 6; Ex. A.  Under that Program Statement, the Warden is directed to establish correspondence procedures for inmates in their institution.  Id. Ex. A at 1.  FMC Rochester has established their procedures in Institution Supplement RCH5265.14a, Correspondence.  Id. Ex. B.  Program Statement 5800.16, Mail Management Manual (the "Mail Management Manual"), established procedures for staff to process official inmate mail.  Nerstad Decl. [Docket No. 30] ¶ 11; Ex. A.

3

Under the mail procedure at FMC Rochester, "all incoming inmate correspondence should contain the inmate's name and registration number and should be mailed to Federal Medical Center, P.O. Box 4000, Rochester, Minnesota 55903. Id. ¶ 6. Requiring inmate mail to include the inmate's name and registration number ensures FMC Rochester can provide accurate and efficient mail processing. Id.

In accordance with the Mail Management Manual, all institution mail is processed through the Rochester Post Office. Id. ¶ 12. FMC Rochester mail room staff pick up the mail and deliver it to FMC Rochester daily, excluding weekends and holidays. Id.

For certified mail, FMC Rochester mail room staff maintain an Incoming Certified Mail Log documenting all incoming certified mail. Id. ¶ 13. The log includes six areas of information:

> (1) Date/Time received by mail room; (2) Certified Mail Number; Inmate Name and Register Number; (3) Inmate location (e.g., housing unit); (4) Sender's name and return address; (5) Date delivered to unit staff or inmate; and (6) Inmate's signature or Unit staff signature.

Id.

There is a specific policy in place for returning certified mail to the sender. Mail room staff are directed to make a notation on the original envelope to inform the sender why the mail was not delivered. Id. ¶ 14; Ex. A at 35. The certified mail is placed in an institution envelope and re-certified. Id. Ex. A at 35. An entry is made in the mail room's incoming inmate certified mail log book indicating the inmate's name, the new certified number, and the address to which the mail was forwarded. Id.

**D. The June 1, 2016 Order**

There is no record of FMC Rochester processing a letter with certified mail number 7008 1830 0002 2382 5047, the number assigned to the June 1 order from the Virgin Islands District Court.  Id. ¶ 15.  United States Postal Service tracking records show that the certified mailing was scanned delivered at the post office in Rochester, Minnesota, on June 6, 2016, but that it was returned to sender the following day.  Id. ¶ 16; Ex. B.

This certified return mailing was received by the Virgin Islands District Court on June 13, 2016.  Id. ¶ 17.  The envelope is marked with a sticker that reads "Return to Sender: Refused:  Unable to Forward."  Id.  The sticker is generated by the United States Postal Service and is not used by FMC Rochester mail room staff.  Id.  The address of the returned mailing does not include the name of the institution or Mendez's federal register number.  Id. ¶ 18.

**E. The R&R**

On January 23, 2018, Judge Thorson recommended dismissing all the claims in Mendez's Complaint under Rule 56 of the Federal Rules of Civil Procedure for two reasons.  First, Mendez's claims are pleaded as official capacity claims, not individual capacity claims.  Since official capacity claims against federal employees are construed as claims against the United States, sovereign immunity applies.  Second, even if sovereign immunity did not apply, the claims fail on the merits.  Judge Thorson determined that Mendez's access to the court claim should be dismissed because he has not suffered an injury and because the constitutional right to the courts does not apply to his mandamus action.  Judge Thorson also reasoned that claims against the named defendants—Warden LaRiva and Lundy—should be dismissed because they lacked personal involvement in the alleged unlawful actions.  Finally, claims against the

Unknown Inmate Legal Mail Room Servers should be dismissed because the summons for these defendants was returned unexecuted because the individuals could not be identified.

**F.  Mendez's Objection**

On February 5, 2018, Mendez filed an Objection to the R&R, to which the Government Responded [Docket No. 41].  On February 23, 2018, Mendez filed a Reply [Docket No. 42] to the Government's Response.

In his Objection and Reply, Mendez questions the impartiality of Judge Thorson, contends that immunity should not apply, that his confinement constitutes cruel and unusual punishment, and that FMC Rochester's refusal "to accept the Virgin Islands Federal Court Certified Mail only services to show that there was a Deliberate Indifference made for [the] purpose of 'Hindering, Delaying, or Obstructing' Justice."  Reply at 3.

### III.  DISCUSSION

**A.  Standard of Review**

The standard of review of a magistrate judge's order on a dispositive issue is *de novo*. See 28 U.S.C. § 636(b)(1)(C); D. Minn. LR 72.2.  "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  D. Minn L.R. 72.2(b).

**B.  Mendez's Objections**

Mendez's argument challenging Judge Thorson's impartiality lacks merit.  A judge has a duty to decide the cases and controversies that come before them unless the judge's impartiality, viewed objectively, might reasonably be questioned.  See Jeep v. Gov't of United States, No. 16-810, 2016 WL 10636356, at *1 (E.D. Mo. Nov. 7, 2016) (citing cases).  Mendez does not offer

any evidence that would convince a reasonable person to question Judge Thorson's impartiality. This portion of Mendez's Objection is overruled.

Mendez's merits-based objections to the R&R also lack merit. Regarding sovereign immunity, Mendez correctly asserts that damages claims against federal employees are permitted pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). But Mendez does not respond to the issue raised in the R&R, that the claims here are properly construed as claims against the federal employees in their official capacities and are therefore barred by sovereign immunity. See Egerdahl v. Hibbing Cmty. Coll., 72 F.3d 615, 619 (8th Cir. 1995) (noting that if the complaint "is silent about the capacity in which [the plaintiff] is suing the defendant, [courts] interpret the complaint as including only official-capacity claims"); Buford v. Runyon, 160 F.3d 1199, 1203 (8th Cir. 1998) ("It is well settled that a Bivens action cannot be prosecuted against the United States and its agencies because of sovereign immunity."). This portion of Mendez's Objection is also overruled.

Even if the claims were individual capacity claims, the R&R correctly determined they must be dismissed. Although prisoners have a constitutional right to access the courts, that right is not absolute. See Lewis v. Casey, 518 U.S. 343, 355 (1996) (holding that inmates are entitled to access tools "to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." (emphasis in original)). To prove a violation of this right, "a prisoner must establish that the state has not provided an opportunity to litigate a claim challenging the prisoner's sentence or conditions of confinement in a court of law, which resulted in actual injury, that is, the

hindrance of a nonfrivolous and arguably meritorious underlying legal claim." White v. Kautzy, 494 F.3d 677, 680 (8th Cir. 2007) (citing Christopher v. Harbury, 536 U.S. 403, 415 (2002)).

Mendez's claim fails because he was not denied an opportunity to litigate the type of claims described in White. Rather, Mendez alleges that he did not receive an order notifying him that his request to proceed IFP had been denied. But this did not result in his case being dismissed, Mendez was able to resubmit his IFP application, and the case is now stayed due to Hurricanes Irma and Maria. Similarly, Mendez's mandamus action is not a direct or collateral attack on his commitment. Thus, there is no constitutional violation for the alleged deprivation of court access. See White, 494 F.3d at 680 (noting that the Government has no obligation to "enable prisoners to discover grievances or to litigate effectively once in court"); Casey, 518 U.S. at 354.

Finally, Mendez has not articulated any colorable Objection to the R&R's discussion of the personal involvement of Warden LaRiva, Lundy, or the unexecuted summons for the Unknown Inmate Legal Mail Room Servers. After a *de novo* review of this portion of the R&R, the Court finds no errors in its analysis or conclusion.

## IV.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff Raphael Mendez's Objection [Docket No. 40] is **OVERRULED**;

2. Magistrate Judge Becky R. Thorson's Report and Recommendation [Docket No. 39] is **ADOPTED**;

3. Defendants' Motion to Dismiss or Motion for Summary Judgment [Docket No. 24] is **GRANTED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY**

BY THE COURT:

　　s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  May 8, 2018.